# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE

**UNITED STATES OF AMERICA**

|  | **Criminal Action Number** |
|---|---|
| **v.** | **3:97CR91 -J** |

**COREY HARDIN**

## MEMORANDUM OPINION

After a plea of guilty, Mr. Hardin was sentenced in this court on September 13, 1999. The matter is now before the Court on Mr. Hardin's post-judgment Motion to Reduce Sentence, his Motion to Recall Mandate and Vacate Judgment, and his Motion to Alter or Amend Judgment Pursuant to Rule 59(e).  After examining the materials of record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that all of the motions should be denied.

Mr. Hardin's Motion to Reduce Sentence is based on an amendment to the United States Sentencing Guidelines ("USSG"), under which he was sentenced.  USSG 2D1.2 provides for an enhancement in the offense calculation if the drug offense occurs within 1000 feet of certain locations including playgrounds.  Amendment 591 was added to USSG 2D1.2 to make it clear that the sentencing enhancement provided in that section applies only if the defendant is *actually convicted of* the conduct described in 2D1.2.  That is, unless the proximity is actually charged and proven (or admitted), the fact that the drug offense occurred within the specified proximity is irrelevant for sentencing purposes.

1

The record reflects that Mr. Hardin admitted commission of six counts under 18 U.S.C. Sec. 860.  That criminal offense includes as part of its terms the proximity conduct described in USSG 2D1.2.  As part of his plea of guilty, Mr. Hardin explicitly admitted that his drug transactions occurred within 1000 feet of a playground – conduct described both by Section 860 and by USSG 2D1.2.  Because Mr. Hardin was charged with crimes that explicitly included the element of transaction within 1000 feet of the specified locations (including playgrounds), and because he then explicitly admitted the elements of those crimes, Amendment 591 is inapplicable to his case, and the enhancement was properly applied in the calculation of his sentence.

Mr. Hardin's "Motion to Alter or Amend Judgment Pursuant to Rule 59(e)" is procedurally puzzling, but substantively frivolous.  It is unclear whether Mr. Hardin is attempting to file yet another in his long series of post-judgment challenges or to amend his Motion to Reduce Sentence to add an additional argument.  Regardless of what he is attempting to do from a procedural standpoint, however, it is clear that the argument he advances is completely without merit.  Mr. Hardin seeks to take advantage of a USSG Amendment applicable to firearms charges, but he was not charged with any firearms offense.  To the extent that he had hoped to argue some sort of analogy to firearms offenses, his reasoning fails.  He was not subject to double punishment, but rather to sentencing for the very offenses which he admitted committing.

Mr. Hardin's Motion to Recall Mandate and Vacate Judgment is based on the fact that this Court's December 3, 2001 order construed his Fed.R.Civ.P. 60(b) motion as a petition pursuant to 28 U.S.C. Sec. 2255.  Accordingly, because it represented a successive Sec. 2255

petition, this Court transferred the matter to the United States Court of Appeals for the Sixth

Circuit, which held that Mr. Hardin had not shown "cause" and "prejudice," and denied

permission for the successive petition.  Mr. Hardin relies on Gonzalez v. Crosby, 545 U.S. ___

(2005).  Speaking in the context of 28 U.S.C. Sec. 2254, the Court held that a Rule 60(b) motion

is not a successive habeas petition unless it asserts claims of error in the original trial proceeding.

  Mr. Hardin's argument fails on several grounds.  First, the "mandate" he wishes to have

recalled was not that of this Court, but that of the Sixth Circuit.  Second, the proceeding he

wishes to address was no longer pending, but had been closed for several years at the time of

Gonzalez.  Most importantly, however, the arguments he sought to present in November of 2001

*did* assert claims of error in the original trial proceeding.  Although Mr. Hardin suggests that he

does not wish to challenge his underlying conviction and sentence, it is apparent that the only

purpose for asserting his November 2001 motion was to challenge the underlying conviction and

sentence.  Regardless of Mr. Hardin's efforts to cast this as a "procedural" matter, the reality is

that he presented a Sec. 2255 challenge to his conviction, and final judgment was entered

thereon in January 2001.  Ten months later, he filed a paper that sought to raise new and

additional grounds for challenging his conviction. Accordingly, his attempt was subject to the

"cause and prejudice" test, and, according to the Sixth Circuit Court of Appeals, it failed that

test.  There is nothing in Gonzalez that suggests there was any error in the application of that

test.

  The Court has long been very indulgent with Mr. Hardin, considering one form of

challenge after another.  The problem is not that he has not yet hit upon the magic procedural

words; rather, the problem is that his conviction was final long ago, and he has already had the

benefit of careful substantive review of his challenges to that conviction.  It is time to respect the finality of the judgment.

An order in conformity has this day entered.